UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LEISURE PASS NORTH AMERICA, LLC,** | Civ. No. 2:12-cv-03375 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **LEISURE PASS GROUP, LTD.,** | |
| **Defendant.** | |

<u>**WILLIAM J. MARTINI, U.S.D.J.**</u>:

Plaintiff Leisure Pass North America, LLC ("LPNA") brings this breach of contract action against Defendant Leisure Pass Group, Ltd. ("LPG"). This matter comes before the Court on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

## I.    BACKGROUND

Defendant LPG is a company based in London, England. LPG developed a product called the "Leisure Pass," a travel card that allows consumers to access various tourist attractions in a city at a discounted rate. Defendant also developed a separate Leisure Pass Operating System ("LPOS"), a software system that is used to manage the Leisure Pass businesses.

In 2002, LPG entered into an agreement with Plaintiff LPNA, which gave Plaintiff a license to sell Leisure Passes in North America. In a separate agreement, Defendant granted Plaintiff a license to use the LPOS software ("LPOS License Agreement"). In October 2008, the parties entered an additional agreement ("2008 Agreement"). Section 18 of the 2008 Agreement gave Plaintiff the option to purchase the rights to sell Leisure Passes in North America (the "Option"). Section 18 provided, in relevant part, that:

> Leisure Group hereby grants North America the option, for the
> period beginning on October 1, 2011 and anytime thereafter so
> long as this Agreement remains in effect, to purchase the
> Product and Rights for utilization in the Expanded Territory . . . .

> Such option to purchase shall be deemed exercised immediately
> upon Leisure Group's receipt of North America's written notice
> of its intent to exercise the option (hereafter the "Option
> Notice").  Within a reasonable period of time from the date of
> Leisure Group's receipt of the Option Notice, but not later than
> 30 days subsequent thereto, the parties shall schedule a closing
> at a mutually convenient time, date and place within the United
> States to consummate North America's purchase of the Product
> and the Rights for the Expanded Territory. . . .

2008 Agreement at 23-25, Mot. to Dismiss App'x A, ECF No. 24-2.  The Option did not provide Plaintiff with the right to purchase the LPOS software.  But the 2008 Agreement did provide that Plaintiff "shall . . . be permitted to continue to utilize the LPOS System for one year" after exercising the Option.  Section 18 did not provide Plaintiff with a right to conduct due diligence before or after exercising the Option.

In July 2011, a company called Smart Destinations, Inc. ("Smart Destinations") filed a patent infringement suit against Plaintiff and Defendant over their use of the LPOS software.  Defendant and Plaintiff discussed the possibility of entering a joint defense agreement ("JDA") for that action, but they never executed a JDA.  Despite the absence of a JDA, Defendant took the lead on negotiating a potential settlement on behalf of itself and Plaintiff.  Defendant requested that Plaintiff refrain from participating in those negotiations.  Because settlement negotiations were still ongoing in October 2011, Plaintiff refrained from exercising its Option at that time.  Plaintiff alleges that the parties entered a verbal tolling agreement providing that the purchase price of the Option would be calculated as of October 1, 2011, regardless of when Plaintiff exercised the Option.  Defendants deny that they entered any verbal agreements.

In March 2012, Defendant reached a confidential settlement agreement with Smart Destinations (the "Settlement").  The Settlement disposed of all the claims pending against both Defendant and Plaintiff.  Plaintiff did not sign the Settlement and never saw a copy of the Settlement.  Shortly thereafter, Plaintiff exercised its Option to purchase the rights to sell Leisure Passes in North America.  Defendant did not disclose the confidential Settlement to Plaintiff after it exercised the Option.  However, in order to close the Option, Defendant agreed to indemnify Plaintiff for any claims made by Smart Destinations regarding Plaintiff's use of the LPOS software.  Defendant also provided expansive representations and warranties assuring Plaintiff that it would have the ability to use the LPOS system for an additional year under the existing LPOS License Agreement, free and clear of any claim by Smart Destinations.  The deal should have closed in April 2012, but the parties could not agree on three issues:  (1) disclosure of the Settlement; (2) the tolling agreement; and (3) the closing date.  Plaintiff filed this action to compel Defendant to "specifically perform its obligations" under the 2008 Agreement by closing the deal.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

## III.    DISCUSSION

Plaintiff asserts five causes of action in the Complaint. In Count 1, entitled "Demand for Specific Performance," Plaintiff demands an injunction requiring Defendant to comply with Section 18 of the 2008 Agreement, generally. In Count 2, entitled "Breach of Contract as to the 2008 Agreement," Plaintiff takes issue with Defendant's refusal to disclose the Settlement, and refusal to honor the alleged tolling agreement. In Count 3, entitled "Breach of Covenant of Good Faith and Fair Dealing," Plaintiff takes issue with Defendant's unilateral selection of a closing date and with Defendant's refusal to disclose the Settlement. In Count 4, entitled "Declaratory Judgment with respect to Price Calculation Date," Plaintiff seeks an injunction compelling Defendants to comply with the alleged tolling agreement. And in Count 5, entitled "Breach of Confidentiality Agreement," Plaintiff alleges that Defendant disclosed its confidential information to Smart Destinations during settlement negotiations.

Defendant moves to dismiss all of Plaintiff's claims seeking disclosure of the Settlement (portions of Counts 1, 2, and 3). Defendant also moves to dismiss Count 5 regarding the disclosure of confidential information to Smart Destinations. The Court will address each issue in turn.

### A.  Disclosure of the Settlement

Plaintiff argues that it is entitled to review the Settlement.  Based on the facts alleged by Plaintiff, the Court finds that Plaintiff is not entitled to review the Settlement.

Option agreements are creatures of contract.  *See* 4 S. Williston, A Treatise On The Law Of Contracts, § 5:15, at 710 (4th ed. 1990) ("Defined at its most basic level, an option is simply a contract to keep an offer open."); Restatement (Second) Of Contracts, § 25, at 73 (1979) ("An option contract is a promise which meets the requirements for the formation of a contract and limits the promisor's power to revoke an offer.").  The rights created by an option agreement and the method of transferring those rights are determined solely by the contracting parties.  *See id.*  An option agreement can provide a purchaser solely with the right to exercise or not exercise the option.  Alternatively, parties can build in more elaborate procedures, such as the right to conduct due diligence before or after exercising the option.  *See Seaboard Towers Dev. Co., LLC v. AC Holding Corp., II*, No. A-3392-06T1, 2008 WL 2340016, at *2 (N.J. Super. Ct. App. Div. June 10, 2008) (discussing an option contract with a 90-day due diligence period); *Logan Sys., Inc. v. ACS Enter. Solutions, Inc.*, No. 99-959, 2002 WL 32126266, at *4-5 (M.D.N.C. Sept. 23, 2002) (discussing an option contract that granted purchaser the right to engage in due diligence after exercising the option, and allowing purchaser to retract its exercise of the option if it was unsatisfied with the results of due diligence).

In this case, Plaintiff did not bargain for the right to conduct due diligence.  Section 18 of the 2008 Agreement allowed Plaintiff to exercise the Option any time on or after October 1, 2011, and provided that the parties must schedule a closing within 30 days.  Section 18 makes no mention of due diligence.  The 2008 Agreement was a complex financial arrangement negotiated by sophisticated parties and experienced counsel.  Thus, there is no reason that the Court should give either party more than it bargained for.  *Matter of Cmty. Med. Ctr.*, 623 F.2d 864, 866 (3d Cir. 1980) ("the court will not make a different or better contract than the parties themselves have seen fit to enter into").  Because Plaintiff did not bargain for the right to conduct due diligence, Plaintiff is not entitled to conduct due diligence.

Plaintiff's arguments to the contrary are unpersuasive.  First, Plaintiff argues that the Settlement is relevant to the Option, and that it is only reasonable that Plaintiff be allowed to review the Settlement.  These arguments miss the point.  The question is not whether the Settlement is relevant or whether review of the Settlement is reasonable.  The only question is whether the 2008 Agreement gives Plaintiff a right to review the Settlement.  The answer is no.  Second, Plaintiff argues that it has an implied right to conduct due diligence arising from Defendant's duty of good faith and fair dealing.  Not so.  Again, there is no such thing as an implied right of due diligence.  And in this case, Defendant acted in good faith by offering Plaintiff extensive representations, warranties, and indemnifications to assure Plaintiff that it could continue using the LPOS system for one year.  Third, Plaintiff argues that the motion to dismiss is inappropriate because

disclosure of the Settlement is a discovery issue, not a dispositive element of Plaintiff's case.  The Court disagrees, as three of the five counts in the Complaint seek disclosure of the Settlement as the ultimate form of relief.  <u>Finally</u>, Plaintiff's counsel argues that the terms of the Settlement permit Defendant to disclose the Settlement to a potential acquirer.[1]  But the 2008 Agreement makes clear that Plaintiff does not have the right to acquire the LPOS system, so Plaintiff is not an acquirer under the Settlement.

Accordingly, the motion to dismiss the portions of the Complaint seeking disclosure of the Settlement is **GRANTED**.

### B.  Disclosure of Confidential Information

Defendant moves to dismiss Count 5 of the Complaint, arguing that Plaintiff failed to allege any facts suggesting that Defendant disclosed its confidential information.  Plaintiff did not respond to this argument in its opposition.  The Court agrees with Defendants that Count 5 is not supported by specific factual allegations.  Further, Plaintiff has waived its opposition to this argument by failing to respond to it.  *See Duran v. Equifirst Corp.*, No. 2:09-CV-03856, 2010 WL 936199, at *3 (D.N.J. Mar. 12, 2010) ("The absence of argument constitutes waiver in regard to the issue left unaddressed, and that waives the individual counts themselves"); *Griglak v. CTX Mortgage Co., LLC*, No. 09-5247, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010) ("The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count").  Accordingly, the motion to dismiss Count 5 is **GRANTED**.

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**.  An appropriate order follows.

___/s/ William J. Martini___
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 23, 2013**

---

[1] In the course of litigation, the Settlement was disclosed to Plaintiff's outside counsel, but not to Plaintiff.  Plaintiff's counsel also argues that Plaintiff cannot be bound by a Settlement that it never signed.  The extent to which Plaintiff can be bound by an agreement that it did not sign is an interesting question, but it is not relevant to any of the issues raised by this motion.