**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LEISURE PASS NORTH AMERICA, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**LEISURE PASS GROUP, LTD.,**<br><br>Defendant. | Civ. No. 2:12-cv-03375 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Leisure Pass North America, LLC's moves for recusal under 28 U.S.C. § 455(a). Plaintiff argues that I should recuse myself because my son-in law, Jonathan Cyprys, Esq., is an associate at Greenberg Traurig, LLP ("Greenberg"), which represents Defendant Leisure Pass Group, Ltd. in this action. Upon review, Plaintiff has not established a basis for recusal.

      A judge faced with a recusal motion for bias should look to subsections (a) and (b) of 28 U.S.C. § 455 to determine whether recusal is warranted. Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This provision is concerned with the appearance of impartiality. *Liteky v. United States*, 510 U.S. 540, 567-68 (1994). A judge must determine "whether a reasonable person, with knowledge of all of the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensingon Inter'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). And under Section 455(b), he must disqualify himself if his spouse or a "person within the third degree of relationship" is "acting as a lawyer in," or has "an interest that could be substantially affected by the outcome of," the proceeding. 28 U.S.C. § 455(b)(5)(ii)-(iii)

      Where a judge's relative is employed by a law firm representing one of the parties in an action, the cases evaluating recusal under Section 455 focus on whether that relative is a partner or an associate of the law firm in question. *See Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1112 (5th Cir. 1980); *United States ex rel. Weinberger v. Equifax, Inc.*, 557 F.2d 456, 463-64 (5th Cir. 1977); *Welch v. Bd. of Directors of Wildwood Golf Club*, 918 F. Supp. 134, 138 (W.D. Pa. 1996). If the judge's relative is a partner, then

that partner will always be "known by the judge to have an interest that could be substantially affected by the outcome" of a proceeding involving the partner's law firm. *Potashnick*, 609 F.2d at 1113. Therefore, disqualification is warranted. *Id.* at 1113-14. However, where the judge's relative is an associate, "his status as an associate removes that fear. . . . His salary interest as an associate is too remote to fall under this 'financial interest' prohibition." *Equifax*, 557 F.2d at 463. Accordingly, as long as the associate "did not actively participate" in the client's defense, disqualification is unnecessary. *See id.* (affirming a district court judge's refusal to recuse himself under either Section 455(a) or Section 455(b) where the judge's son was an associate and "did not actively participate" in the client's defense).

None of the provisions requiring recusal apply to this case. Mr. Cyprys works in Greenberg's White Plains, New York office in the Securities Litigation practice group and has not participated whatsoever in this case. Thus, he is not "acting as a lawyer" in this proceeding. 28 U.S.C. § 455(b)(5)(ii). Furthermore, up until January of this year, Mr. Cyprus was a contract associate attorney at Greenberg and was paid on an hourly basis. In January, he became a salaried associate. Because he is not a shareholder in the firm, his compensation is not in any way tied to the firm's success, revenues, or profits. As with any other associate attorney, his compensation is based on his experience level and his own expertise, talent, and performance. Plaintiff argues that this case could impact the continued success of Greenberg, and thus affect Mr. Cyprys's employment. However, Greenberg is being paid on a standard hourly basis in this case, with its fees and costs in this matter billed and paid on a current monthly basis. Thus, the firm's fees are not dependent on this action's outcome. Moreover, Greenberg has over $1.2 billion in annual revenues, with tens of thousands of clients and matters at any given time. Thus, the outcome of one case is unlikely to jeopardize either the success of the firm or Mr. Cyprys's employment. Accordingly, Mr. Cyprys does not have "an interest that could be substantially affected by the outcome of the proceeding" within the meaning of Section 455(b)(5)(iii). *See Equifax*, 557 F.2d at 463.

Furthermore, I find that my impartiality could not reasonably be questioned under Section 455(a). Greenberg has approximately 1,700 attorneys in 38 offices located around the world. All of the attorneys working on this matter are located in Greenberg's New Jersey office. As stated previously, Mr. Cyprys works out of Greenberg's White Plains, New York office. He has never worked on any matter involving Defendant or worked with any of the attorneys in New Jersey who have worked for Defendant. In fact, he has never worked on *any* matter in the New Jersey office or with *any* attorney in that office. And, as mentioned above, his compensation is in no way contingent upon Greenberg's work for Defendant. *See Welch*, 918 F. Supp. at 138 (finding recusal under Section 455(a) unnecessary where the judge's sons were associates with the firm that had represented a party in pre-litigation issues but had not performed any legal services for the litigation and their compensation was not tied to or contingent on the work done for

the party).  Under these circumstances, no reasonable man would conclude that I should recuse myself.

Just as a judge must recuse himself if there is a reasonable basis to question his impartiality, "a judge has an equally affirmative duty to preside in the absence of such proof."  *Id.*  "[A] district judge is obligated not to recuse himself without reason," because a "judge who removes himself whenever a party asks is giving that party a free strike."  *New York Housing Development Corp. v. Hart*, 796 F.2d 976, 981 (7th Cir. 1986).  Doing otherwise would encourage parties to "judge shop" by filing a motion to recuse.  This concern is particularly acute where, as in this case, the case is ready for disposition, the motion comes after the judge in question has been handling the case for 20 months, and the judge has, on a prior substantive motion, ruled against the party requesting recusal.  Accordingly, because Plaintiff has not put forth a basis for recusal, the motion is **DENIED**.

          /s/ William J. Martini
   **WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 20, 2014**