UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LEISURE PASS NORTH AMERICA, LLC,**<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**LEISURE PASS GROUP, LTD.,**<br><br>　　　　Defendant. | Civ. No. 2:12-CV-03375 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　　　Plaintiff Leisure Pass North America, LLC brings this breach of contract action against Defendant Leisure Pass Group, Ltd. In 2002, Defendant entered into an agreement with Plaintiff, which gave Plaintiff a license to sell its product, Leisure Passes, in North America. In October 2008, the parties entered into an additional agreement, which gave Plaintiff the option to purchase the rights to sell Leisure Passes in North America (the "Option").[1]

　　　　Defendant previously moved for summary judgment on Plaintiff's claim that the parties orally modified the Option purchase price (the "Tolling Modification"). In an Opinion dated April 14, 2014, the Court denied summary judgment because there was a genuine factual dispute as to whether the parties agreed to the Tolling Modification. In doing so, the Court inadvertently included language in the Opinion indicating that consideration existed for the alleged Tolling Modification. Defendant now moves for reconsideration on solely that finding, arguing that consideration is a question of fact to be determined at trial.

　　　　A motion for reconsideration under New Jersey Local Civil Rule 7.1 may be granted if (1) there has been an intervening change in the controlling law; (2) new

---

[1] Because the Court writes solely for the benefit of the parties, it assumes the reader is familiar with the pertinent background facts. For a more complete recitation of the applicable facts, the reader may refer to the Court's April 14, 2014 Opinion regarding this case. *Leisure Pass North Am., LLC, v. Leisure Pass Grp., LTD.*, No. 2:12-CV-03375, 2014 WL 1430214 (D.N.J. April 14, 2014).

1

evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it. *See In re Rose,* No. 06-1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007).

In this case, reconsideration is necessary to correct a clear error. The Court did not intend to conclusively find that consideration existed as an undisputed fact. The Court denied the Defendant's motion for summary judgment because the issue of whether or not the Tolling Modification exists at all is a question of fact to be determined at trial. Similarly, the issue of whether or not there was consideration for the Tolling Modification is a factual question to be determined at trial. Accordingly, the Court will grant Defendant's motion for reconsideration and clarify that the Court did not intend to decide the consideration issue. The Court intended only to indicate that there may have been consideration for the Tolling Modification.

Accordingly, Defendant's motion for reconsideration is **GRANTED**. The portion of the Court's April 14, 2014 Opinion finding that there was consideration for the alleged Tolling Modification is vacated and the issue of consideration remains a disputed issue for trial. An appropriate order follows.

  /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 9, 2014**